IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| REDA MARELLA | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | No. 19-4970 |
| ALLSTATE INSURANCE CO. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                  **February 10, 2020**

Plaintiff Reda Marella claims Defendant Allstate Insurance Company breached her insurance agreement. Allstate has moved to dismiss Marella's Complaint for failure to state a claim. Marella has moved to remand this case for lack of subject matter jurisdiction. The Court will grant the motion to dismiss and deny the motion to remand.

**BACKGROUND**[1]

On November 6, 2015, Marella was driving her car when it sped up without warning. (Marella did not put her foot on the gas pedal.) Her car crashed into a wall and was damaged. She had car insurance through Allstate, so she called Allstate about her accident. She told Allstate the crash was caused by the car speeding up on its own. Allstate took Marella's car to a repair shop. The repair shop fixed the damage caused by Marella's accident. The repair shop did not fix the mechanical problem which caused the accident in the first place. Allstate did not notify the repair shop about this mechanical problem nor did they tell Marella the problem had not been fixed.

Under Allstate's insurance policy, it was required to repair damage to Marella's car caused by a collision. It was also required to repair damage caused by "missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, . . . riot or civil commotion" and damage caused by fire, lightning, smoke, water, or theft. Mot. to

---

[1] In evaluating Allstate's motion to dismiss, the Court takes the well-pleaded facts set forth in the Compliant as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Dismiss, Ex. 1 (insurance policy) at 24-25. Aside from these obligations, the contract does not require Allstate to pay for any other repairs to the car. For example, Allstate is not required to pay for damage caused by "mechanical or electrical breakdown[s]." *Id.* at 27.

On December 9, 2015, Marella was again driving her car when it unexpectedly sped up. This time, the car crashed into a store. The crash totaled the car and injured Marella. Marella hurt her back, neck, arms, and shoulders. As a result of these injuries, Marella has become "disabled and unable to maintain her lifestyle prior to [the accident]." Notice of Removal, Ex. A (Complaint) ¶ 9. She has seen several medical professionals for diagnosis and treatment, including her primary care physician, a pain management specialist, and one or more individuals at the Rothman Orthopedic Institute.

Marella filed a Complaint in the Philadelphia Court of Common Pleas on September 21, 2019. Her Complaint alleges only one claim: breach of contract. She alleges Allstate breached the insurance policy when it failed to either (1) notify the repair shop of her car's mechanical problems; (2) fix her car's mechanical problems; or (3) notify Marella that the mechanical problems had not been fixed. Allstate removed this case to federal court and moved to dismiss the Complaint. Marella opposed Allstate's motion to dismiss and moved to remand the case to state court.

**DISCUSSION**

Allstate's motion to dismiss will be granted because Marella has not pleaded that Allstate breached the contract. Marella's motion to remand will be denied because the amount in controversy in this case is over $75,000.

A. **Motion to Dismiss**

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). At this stage, a court "must accept all of the complaint's well-pleaded facts as true." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "[I]n evaluating a motion to dismiss, courts are not limited to the four corners of the complaint, but may also consider evidence "integral to or explicitly relied upon therein." *Tanksley v. Daniels*, 902 F.3d 165, 172 (3d Cir. 2018). The Court will therefore accept all the facts in Marella's Complaint as true and consider the insurance contract, which Marella's Complaint relies on.

Comparing the language in the contract to the facts in the complaint, the Court concludes Marella has not stated a claim for breach of contract. To plead a breach of contract claim, a plaintiff must allege "(1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages." *Sullivan v. Chartwell Inv. Partners*, LP, 873 A.2d 710, 716 (Pa. Super. Ct. 2005).

Here Marella has not pleaded that Allstate breached any duty under the contract. According to Marella's Complaint, her car had a mechanical problem before her first accident. There is no provision in the insurance agreement requiring Allstate to fix the car's preexisting mechanical problems. Allstate is only required to fix damage caused by the reason's enumerated in the contract; for example, damage caused by collisions, acts of nature, or theft. Therefore Allstate could not have breached the contract by failing to fix Marella's car. In addition, there is a provision in the contract that particularly excludes "mechanical or electrical breakdown[s]" from coverage. Mot. to Dismiss, Ex. 1 (insurance policy) at 27. Even if these repairs were otherwise covered under the policy, they would be excluded under this provision.

At oral argument, Marella's counsel acknowledged that there was no provision in the contract requiring Allstate to either fix the preexisting mechanical problem in Marella's car, notify the repair shop of this problem, or notify Marella the problem had not been fixed. Instead, counsel argued that, when Allstate undertook to bring Marella's car to the repair shop, it was then obligated

3

to repair all problems it was aware of. There is no provision in the contract that creates such a duty. If Marella has a claim against Allstate at all, it would be based in tort law, not contracts. *See*, *e.g.*, Restatement (Second) of Torts § 323 (Am. Law. Inst. 1965) (explaining that a defendant may be liable for negligence when it "undertakes, gratuitously or for consideration, to render services to another" and it does not exercise reasonable care in rendering these services); *see also Feleccia v. Lackawanna Coll.*, 215 A.3d 3, 14 (Pa. 2019) ("[W]e have adopted as an accurate statement of Pennsylvania law the Restatement (Second) of Torts § 323[.]")

In sum, Marella's Complaint must be dismissed because she cannot point to any provision of the contract which Allstate may have breached. The Court will not grant Marella leave to amend her complaint because it finds amendment would be futile,[2] and Marella has not asked for this relief. *See Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 210 (3d Cir. 2019) ("[I]n non-civil rights cases, district courts have no obligation to offer leave to amend before dismissing a complaint unless the plaintiff properly requests it." (internal citations omitted)).

### B. Motion to Remand

The Court has diversity jurisdiction over this case because Marella and Allstate are citizens of different states and the amount in controversy is over $75,000. Under 28 U.S.C. § 1332(a), federal courts have subject matter jurisdiction over disputes between "citizens of different states . . . where the matter in controversy exceeds the sum or value of $75,000." Here, the parties dispute only whether the amount in controversy requirement is met.[3]

---

[2] While the Court may have granted Marella leave to amend her Complaint to state a tort claim, the statute of limitations on any such claim has expired. *See* 42 Pa. Cons. Stat. § 5524 (two-year statute of limitations on negligence claims).

[3] The citizenship requirement is met because Marella is a Pennsylvania citizen and Allstate is an Illinois citizen.

4

"The amount in controversy must be calculated based on a 'reasonable reading' of the complaint." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 667 (3d Cir. 2002) (internal citations omitted). Because the parties do not dispute the underlying jurisdictional facts, the Court must remand this case if "it appears to a legal certainty that the plaintiff was never entitled to recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007); *see also id.* at 198 (explaining that jurisdictional facts are not in dispute when a defendant's notice of removal relies on facts pleaded by the plaintiff).

Here, there is no reason to believe Marella would not be able to recover more than $75,000. Her Complaint seeks judgment for "bodily injuries and property damage." Notice of Removal, Ex. A (Complaint), wherefore clause. Her bodily injuries were serious. She injured her back, neck, arms and shoulders, and she is allegedly disabled as a result of these injuries. She also seeks recovery for medical costs associated with at least three medical professionals: her primary care physician, a pain management specialist, and one or more individuals at the Rothman Orthopedic Institute. Finally, she alleges her car was totaled and asks for money damages related this this loss of property. Given these allegations, the Court finds Marella may be entitled to recover over $75,000 on her claims. Indeed, Marella conceded during oral argument that "the trier of fact could find damages in excess of $75,000." (This oral argument has not been transcribed, but this quotation can be found at 2:47 p.m. in the Court's audio recording of the January 21, 2020, oral argument.)

Despite Marella's jurisdictional concession, she argues the case should be remanded because her Complaint only pleads damages "in excess of the sum of fifty thousand dollars." Notice of Removal, Ex. A (Complaint). Third Circuit law is clear, however, that when a complaint has an open-ended damages claim "[t]he court must measure the amount [in controversy] 'not ...

by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" *Werwinski*, 286 F.3d at 666 (internal citations omitted; alterations in original). Therefore the $50,000 low end of Marella's damages request is not dispositive. Instead, the Court finds, and Marella concedes, the rights Marella is litigating are reasonably valued at over $75,000.

**CONCLUSION**

The Court will grant Allstate's motion to dismiss because Allstate did not have a contractual duty to fix Marella's car. The Court will deny Marella's motion to remand because the Court has diversity jurisdiction over this case. This case will therefore be dismissed with prejudice and without leave to amend.

An appropriate order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.